_[iORDER
The Application for Rehearing herein having been duly considered: IT IS ORDERED that a Rehearing be, and the same is hereby, DENIED. Lake Charles, Louisiana.
DOUCET, C.J., dissents from the denial of the Application for Rehearing and assigns reasons.
| iDOUCET, Chief Judge, dissenting from the denial of the Application for Rehearing for the following reasons.
I believe this court erred in finding that the testimony of Officer Guillory should have been excluded. As the State points out in its application for rehearing, the cases in which informant based hearsay has been excluded are eases in which the informant directly accused the defendant of criminal activity. However, in those cases where “the substance of the out-of-court assertions did not significantly connect the defendant with the crime,” State v. Wille, 559 So.2d 1321 (La.1990), the informant based hearsay was found to be admissible. In this case, the informant did not identify the defendant. The testimony submitted by Officer Guillory contained no assertion that “K.C.” was guilty of a crime. Nothing in the statements made by the informant connects |2Rubin directly to *232 the murder of Mrs. Lavergne. Furthermore, the statements were not offered for the truth of the assertions contained therein. Rather, they were offered to explain the actions of the police. The testimony submitted by Officer Guillory was no more than required to explain the actions of the police. It served to show the chain of evidence that led the investigators to the defendant.
Additionally, as was stated in State v. Wille, 559 So.2d. 1321 (La.1990), confrontation errors are subject to harmless error analysis. In this case, even if the informant evidence was inadmissible, the failure to exclude it was harmless error. Under the standard of review enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence, other than the informant evidence, to allow a reasonable trier of fact to find the defendant guilty of second degree murder beyond a reasonable doubt. Some months before the murder Rubin discussed plans to rob the store with an acquaintance. A month before the murder Rubin was seen playing with the gun used to shoot the victim. The defendant was in the store after 3:30 p.m. on the day of the murder. He was the last person known to be in the store before the murder. His thumb print was on a bag of potato chips found on the counter of the store after the murder. The gun used to shoot Mrs. Lav-ergne was found in the school yard across the fence from Rubin’s parent’s home. This evidence, taken as a whole, is sufficient to support the conviction of Russell Rubin for the murder of Bernice Lavergne. Accordingly, I would grant the rehearing.